IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03411-BNB

SOVEREIGN: MASONIC, KYLE LEE DELI HUE III,

    Plaintiff,

v.

RESPONDENT-SUPERIOR GOV. HICKENLOOPER,
A.G.O. SUTHERS,
C.D.O.C. CLEMENTS,
C.D.O.C. RAEMISCH,
C.D.O.C. REED,
C.D.O.C. ZUPAN,
C.D.O.C. PHYSCIRATRIST KONPRINKAR,
C.D.O.C. PHYSIOLOGIST ROWLAND,
C.D.O.C. PHYSCOLOGIST KING,
C.D.O.C. REGIONAL WEST P.O. DIR. HAND,
C.D.O.C. P.O. CORYELL,
C.D.O.C. PAROLE BOARD WATERS,
COLO. UNIVESITY HOSP. VICE PRESIDENT MARKS,
DENVER HEALTH HOSP. CHIEF EXECUTIVE OFFICER GONZALEZ,
DENVER HEALTH HOSP. PHYSCARITRIST WESTLANDMORE,
ATTORNEY BRICE TONDRE,
DENVER HEALTH HOSP. SURGEON RAFFI,
M.H.C.D. CHIEF EXECUTIVE DR. CLARK,
M.H.C.D. PSYCARITRIST CEI LEY,
M.H.C.D. CONSUMER ADVOCATE BAUMER,
M.H.C.D. SUPERVISOR SOCIAL WORKER DUDLEY,
M.H.C.D. SOCIAL WORKER MORGAN,
M.H.C.D. SOCIAL WORKER UBANKS,
COLO. ACCESS EXECUTIVE DIR. HORNER,
COLO. ACCESS SR. DIR. GARCIA,
COLO. ACCESS AGENT RODRIGUEZ,
HEALTH-ONE ROSE HOSP. CHIEF EXECUTIVE OFFICER FEILER,
HEALTH-ONE ROSE HOSP. M.D. SUMMERS,
HEALTH-ONE PRESBYTERIAN HOSP. CHIEF EXECUTIVE OFFICER ROBERSON,
HEALTH-ONE PRESBYTERIAN SKY LINE INTERNAL MEDICINE M.D. HAVLEN, and
ASTRAZENECA'S PHARMACEUTICAL COMPANIES FORMER DIR. & FOUNDER
    ROBERT NOLAN,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff has filed *pro se* a Complaint (ECF No. 1).  The court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an amended complaint if he wishes to pursue any claims in this action.

The court has reviewed the Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiff's Complaint is incomprehensible. He fails to set forth a short and plain statement of the grounds for the court's jurisdiction, set forth a short and plain statement of his claims showing he is entitled to relief, or assert clearly the relief he seeks in this action.

Plaintiff must file an amended complaint that clarifies the claims he is asserting in this action. Plaintiff must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an amended Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 20, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge