IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03411-BNB

SOVEREIGN: KYLE LEE DELI HUE III,

    Plaintiff,

v.

RESPONDENT-SUPERIOR GOV. HICKENLOOPER,
A.G.O. SUTHERS,
C.D.O.C. CLEMENTS,
C.D.O.C. RAEMISCH,
C.D.O.C. REED,
C.D.O.C. ZUPAN,
C.D.O.C. PHYSCIRATRIST KONPRINKAR, and
C.D.O.C. ROWLAND,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff initiated this action by filing *pro se* a Complaint (ECF No. 1). On December 20, 2013, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an amended complaint that clarifies the claims he is asserting in this action. Magistrate Judge Boland specifically determined that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland warned Plaintiff that the action would be dismissed without further notice if he failed to file an amended complaint that complies with the pleading requirements of Rule 8 within thirty days. On January 8, 2014, Plaintiff filed an amended complaint (ECF No. 6) using a Prisoner Complaint form.

    The Court must construe the amended complaint liberally because Plaintiff is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended complaint and finds that Plaintiff still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis

placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Despite the specific instructions provided by Magistrate Judge Boland, Plaintiff fails to provide a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of his claims showing he is entitled to relief, or a clear statement of the relief he seeks. The amended complaint is incomprehensible. It is not clear what specific claims Plaintiff is asserting in this action, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. As a result, Plaintiff's amended complaint does not give Defendants fair notice of the specific claims being asserted against them. Instead, Plaintiff places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific factual allegations support each asserted claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need

accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  Because Plaintiff fails to provide a clear and concise statement of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint (ECF No. 1), the amended complaint (ECF No. 6), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  27th  day of      January      , 2014.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court